# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KEVIN PHILLIPS and, ) <br> DASLYN HINTON ) <br> on behalf of themselves ) <br> all similarly situated persons, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> THE COCA-COLA COMPANY; ) <br> ) <br> Defendant ) <br> _____ ) | CIVIL ACTION <br> FILE NO. _____ <br><br><br> **JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Kevin Phillips and Daslyn Hinton bring this action under the Fair Labor Standards Act ("FLSA") on their own behalf and on behalf of all persons similarly situated to them. They respectfully seek collective action certification, unpaid overtime wages, liquidated damages, attorneys' fees and costs, and other relief.

## NATURE OF THE ACTION

1.       This is a collective action for unpaid overtime wages under the FLSA. Plaintiffs bring the action on behalf of themselves and other current and former Talent Acquisition Specialists (including otherwise similarly situated persons who may have had other job titles, such as Talent Acquisition Partner) whom Defendant designated "non-employee workers" or similar terms, and who worked more than 40 hours during at least one work week within the three years prior to the filing of this Complaint. This group of individuals similarly situated to Plaintiffs is referred to collectively as "Specialists" or "the Collective" throughout the remainder of this Complaint.

2.       Plaintiffs and other Specialists who choose to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective Action") are entitled to recover: (i) unpaid wages overtime wages, (ii) liquidated damages, and (iii) their attorneys' fees and costs.

## JURISDICTION AND VENUE

3.       This is an action for unpaid overtime wages under the FLSA. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this Complaint.

4.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia.

## PARTIES

5.      Phillips was employed as a Specialist with Defendant from on or about December 15, 2016 through April 25, 2018. Phillips was Defendant's "employee" within the definition of the FLSA at all times relevant to this Complaint. Phillips' Consent to Become a Party-Plaintiff to this action is Exhibit A to this Complaint.

6.      Hinton was employed as a Specialist with Defendant from on or about December 5, 2015 through on or about March 17, 2017. Hinton was Defendant's "employee" within the definition of the FLSA at all times relevant to this Complaint. Hinton's Consent to Become a Party-Plaintiff to this action is Exhibit B to this Complaint.

7.      Defendant The Coca-Cola Company ("TCCC") is a Delaware corporation that is licensed to conduct business in Georgia and transacts business within the Northern District of Georgia. TCCC may be served with process via its registered agent: CT Corporation System, 289 Culver Street, Lawrenceville, Georgia 30046-4805.

8.      TCCC was Plaintiffs' "employer," and the Collective's "employer," under the FLSA at all times relevant to this Complaint.

## **COLLECTIVE ACTION ALLEGATIONS**

9.      Plaintiffs bring this action on behalf of themselves and all other similarly situated employees pursuant to 29 U.S.C. § 216(b).

10.     Plaintiffs and similarly situated individuals:

   a) are or were employed by Defendant as Specialists (titled Talent Acquisition Specialist, Talent Acquisition Partner, or other titles but all having materially similar jobs) at any time within the period beginning three years prior to filing this Complaint (the "relevant period");

   b) were classified by Defendant as "non-employee workers," "contractors," or other terms purporting to disclaim an employer-employee relationship; and

   c) worked more than 40 hours per week during some or all weeks within the relevant time period but did not receive overtime premium pay at one and one-half times their regular hourly rate as required by the FLSA.

11. Plaintiffs and similarly situated individuals fitting the above-described criteria are the proposed Collective for purposes of this Complaint.

12. Collective members were referred to by Defendant as Talent Acquisition Specialists, Talent Acquisition Partner, or similar titles and, in certain contexts, as "contractors" or "non-employee workers." The term Specialist is used in this Complaint to describe all Collective members and does not exclude from Collective membership persons who are similarly situated to Plaintiffs and other Collective members except in regard to having a difference in job title.

13. Collective members were compensated by the hour.

14. The Collective is so numerous that individual joinder of all members is impracticable and would not further the intent of 29 U.S.C. § 216(b). The precise number of persons within the Collective is unknown, and the information permitting a determination of the number of Collective members lies within the sole possession of Defendant. However, there are, upon information and belief, at least 50 members of the Collective, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, and/or knowledge of their claims.

15. Plaintiffs will fairly and adequately protect the interests of the members of the Collective and have retained counsel experienced and competent in wage and hour law and collective action litigation.

16. Questions of law and fact common to the members of the Collective predominate over questions that may affect only individual members because Defendant have acted on grounds generally applicable to all members of the Collective.

17. Members of the Collective are similarly situated under the FLSA because, *inter alia*:

   a) They held the same or materially similar positions with Defendant during the relevant period;

   b) They had the same or materially similar job duties during the relevant time period;

   c) Defendant classified them as "non-employee workers," "contractors," or similar terms purporting to disclaim and employer-employee relationship during the relevant time period;

   d) They worked more than 40 hours per week during one or more weeks within the relevant time period;

e) Defendant failed to pay them overtime compensation at a rate of one and one-half times their regular rate of pay.

## **ADDITIONAL FACTUAL ALLEGATIONS**

18. Defendant deemed Collective members "non-employee workers," "contractors," or other terms purporting to disclaim an employment relationship.

19. Defendant employed Collective members as Specialists.

20. Collective Members' job was to support Defendant' recruitment process.

21. Collective members' primary duties were, generally: to enter data into the software systems Defendant used in connection with their recruiting processes; to gather resumes from job candidates based on hiring criteria set by Defendant' hiring managers; and to arrange job interviews between Defendant' hiring managers and the job applicants those managers wanted to interview.

22. Collective members reported directly to supervisors employed by Defendant.

23. Collective members worked at Defendant' facilities, or sometimes from home with Defendant's authorization and under Defendant's remote supervision.

24. Defendant provided Collective members training for their jobs.

25. Defendant directed Collective members' day to day job activities including, without limitation: setting their regular work schedules, setting their rates of pay, assigning their work, determining their work location, and determining the computer software they used to perform their jobs.

26. Defendant provided materially all the investment in the facilities and equipment Collective members used to perform their jobs, including: providing the work facilities at its corporate campus, providing the software systems Collective members used while working; providing computers and phones; providing training, providing email and messaging software Collective members used to communicate in the course of their jobs.

27. Collective members made little if any investment in Defendant' business enterprise.

28. Collective members were compensated by the hour.

29. Collective members' wages depended on the number of hours they worked. Managerial skill and individual initiative were not material factors in Collective members' compensation because, *inter alia*, Collective members did not supervise other employees, their job duties were assigned and controlled by Defendant, and they were compensated based on the number of hours they worked.

30. Collective members worked substantial overtime hours, despite having been nominally assigned to work 40-hour per week schedules.

31. Defendant knew or should have known Collective members worked substantial overtime hours because, *inter alia*, one or more Collective members complained about Defendant's failure to pay overtime, and Defendant's supervisors had actual knowledge of the Collective members' work hours via their communications with Collective members.

32. Defendant directed some or all Collective members not to accurately report their overtime hours.

33. Defendant did not compensate Collective members for all the hours they worked beyond 40 per week at the FLSA's required overtime premium rate of 1.5 times their regular hourly rates.

34. Phillips reported that he was working overtime hours for which he was not properly compensated.

35. Defendant did not compensate Phillips for his overtime hours, even after he reported same.

## COUNT I
## Willful Failure Pay Overtime in Violation of the FLSA

36. Plaintiffs incorporate by reference all preceding paragraphs of the Complaint as if fully restated here.

37. Defendant engaged in a widespread pattern, policy and practice of violating the FLSA by failing to pay members of the Collective overtime at a rate of one and one-half times their regular rate for hours worked in excess of 40 per week.

38. At all relevant times, members of the Collective were engaged in commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. The overtime wage provisions set forth in the FLSA apply to Defendant and protect the members of the Collective.

40. At all relevant times, Defendant was an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41. At all relevant times, Defendant employed members of the Collective within the meaning of the FLSA.

42. At all relevant times, Defendant has had gross revenues in excess of $500,000.00.

43. Plaintiffs consent in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b). Their consents to join are filed herewith.

44. As a result of Defendant's willful failure to compensate members of the Collective at a rate of one and one-half times their regular rate for hours worked in excess of 40 per week, Defendant have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

45. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

46. Defendant did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and the members of the Collective.

47. Due to Defendant's FLSA violations, Plaintiffs and the members of the Collective are entitled to recover from Defendant their unpaid overtime wages for all of the hours they worked in excess of 40 per week, an additional and equal amount as liquidated damages for Defendant's willful violations of the FLSA, prejudgment interest, reasonable attorneys' fees, and costs of litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and all members of the Collective who join this action demand a **TRIAL BY JURY** and the following relief:

a) Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all Collective members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual

Consents to Join pursuant to 29 U.S.C. § 216(b) and tolling of the statute of limitations;

b) A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c) Application of the FLSA's three-year statute of limitations;

d) An award of unpaid overtime compensation due under the FLSA;

e) An award of liquidated damages;

f) An award of prejudgment and post-judgment interest;

g) An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h) Such other and further relief as this Court deems just and proper.

Respectfully submitted November 1, 2018.

                LEGARE, ATTWOOD & WOLFE, LLC

By:   s/ Steven E. Wolfe
      Georgia Bar No. 142441
      sewolfe@law-llc.com

Two Decatur Town Center, Suite 380
125 Clairemont Ave.
Decatur, Georgia 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212

Counsel for Plaintiff